[—— NYS2d ——]

In the Matter of GARY M. KAMINSKY (Admitted as GARY MARK KAMINSKY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 21, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with four allegations of professional misconduct. The Special Referee sustained Charges Two, Three, and Four, but failed to sustain Charge One. The petitioner moves to confirm the report, insofar as it sustained Charges Two, Three, and Four and to disaffirm with respect to Charge One. The respondent cross-moves to confirm the report of the Special Referee to the extent that it failed to sustain Charge One and to disaffirm to the extent that it sustained Charge Four.

Charge One alleges that the respondent converted client funds entrusted to him in the course of his representation of Vakil A. Ansari with respect to a matrimonial matter. In contemplation of a negotiated amendment to a prior divorce settlement, Mr. Ansari entrusted the respondent with $15,000 to be held in escrow. After the respondent deposited $15,000 into his escrow account at Crossland Savings Bank on or about October 25, 1990, the balance in the account was depleted to $4,326.82 on or about November 8, 1990. On several subsequent occasions, the balance in the respondent's escrow account was also below the $15,000 the respondent was required to disburse on behalf of his client.

Charge Two alleges that the respondent improperly drew upon his escrow account between January 1989 and February 1991 for personal and business expenses.

Charge Three alleges that the respondent was guilty of commingling escrow funds with his own, in that between January 1989 and February 1991 he improperly deposited nonescrow funds into his escrow account at Crossland Savings Bank, account No. 025-122187-5.

Charge Four alleges that the respondent engaged in conduct involving dishonesty and deceit, which adversely reflects on his fitness to practice law in the context of his representation of Vakil A. Ansari in a matrimonial matter. The wife was represented by Jose A Muniz. Mr. Muniz prepared an

amended stipulation of settlement, which was signed by his client on November 15, 1990, and forwarded to the respondent for his client's signature. The typewritten stipulation provided, *inter alia,* for the payment of $15,000 by the husband to the wife no later than January 16, 1991. The respondent, without the knowledge or consent of Mr. Muniz or Mr. Muniz's client, altered the stipulation so that it required payment of the $15,000 in three installments: $5,000 due by January 22, 1991, another $5,000 due by February 5, 1991, and the final $5,000 due by February 19, 1991.

After reviewing all of the evidence adduced, as well as the respondent's admissions, we find that the Special Referee properly sustained Charges Two, Three, and Four and improperly failed to sustain Charge One. The evidence clearly supports the conclusion that the respondent failed to safeguard his client's funds and has belatedly claimed a "loan defense" to avoid responsibility for his actions which, in essence, constitute conversion. Accordingly, the petitioner's motion to sustain the Special Referee's report with respect to Charges Two, Three, and Four and to disaffirm with respect to Charge One is granted. The respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's previously unblemished record and the effect his suspension has had upon him and his family. Nevertheless, the respondent's testimony concerning his repeated attempts to replenish funds as they were being constantly depleted from his escrow account is indicative of serious professional misconduct. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Gary M. Kaminsky is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Gary M. Kaminsky is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.